4-11-14
GCD

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

COURTNEY R. LOGAN                                                      PETITIONER

v.                                                          No. 4:13CV122-GHD-DAS

STATE OF MISSISSIPPI, ET AL.                                          RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Courney R. Logan for a writ of *habeas corpus* under 28 U.S.C. § 2254. Logan was convicted on November 28, 2012, for aiding felony escape, possession of a firearm by a convicted felon, and five counts of kidnapping in Leflore County, Mississippi and is currently seven life sentences in the custody of the Mississippi Department of Corrections. He has appealed his convictions and sentences in Mississippi state court, and his appeal is currently pending before the Mississippi Court of Appeals.

**Exhaustion**

The instant petition will be dismissed for failure to exhaust. "A fundamental prerequisite to federal habeas relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court under § 2254(b)(1) prior to requesting federal collateral relief." *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). A finding of exhaustion requires the petitioner to have "fairly presented the substance of his claims to the state courts." *Sones v. Hargett*, 61 F.3d 410, 414-15 (5th Cir. 1995) (citing *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983)). Further, exhaustion "requires that normally a state prisoner's entire federal habeas petition must be dismissed unless the prisoner's state remedies have been exhausted as to all claims raised in the federal petition." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996) (citing *Rose*, 455 U.S. at 518-19). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the

federal constitutional issues and to correct any errors made by the trial courts, [and thus] 'serves to minimize friction between our federal and state systems of justice.'" *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (quoting *Rose*, at 518) (citations omitted).

In the instant petition, Logan concedes that the direct appeal of his convictions and sentences is currently pending in state court. As such, he has not exhausted state remedies, and his petition for a writ of *habeas corpus* will be dismissed without prejudice for that reason. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 11th day of April, 2014.

/s/ Glen H. Davidson
SENIOR JUDGE