# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**COURTNEY R. LOGAN**                                                                               **PETITIONER**

v.                                                                         **No. 4:13CV122-GHD-DAS**

**STATE OF MISSISSIPPI, ET AL.**                                                   **RESPONDENTS**

## CERTIFICATE OF APPEALABILITY

The court has entered a final judgment in a *habeas corpus* proceeding in which the detention complained of arises out of process issued by a state court under 28 U.S.C. § 2254 or § 2241, or the final order in a proceeding under 28 U.S.C. § 2255, and the court, considering the record in the case and the requirements of Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c), hereby finds that:

## PART A

☐     the applicant has made a substantial showing of the denial of a constitutional right.

SPECIFIC ISSUE(S):


☒     **a certificate of appealability should not issue.**

REASONS FOR DENIAL: For the reasons stated in its opinion, the court finds that the Petitioner has failed to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S.Ct. 3383, 3394 n.4, 77 L.Ed.2d 1090 (1993) (superseded by statute) (citations and quotations omitted); 28 U.S.C. § 2253(c) (1) and (2). Specifically, the court finds, for the reasons set forth in its memorandum opinion and final judgment, that the instant petition for a writ of habeas corpus should be dismissed for failure to state a claim upon which relief could be granted.

## PART B (if applicable)

☐ The party appealing is entitled to proceed *in forma pauperis*.

☒ **The party appealing is not entitled to proceed *in forma pauperis*.**

REASONS FOR DENIAL: The court finds that the petitioner's appeal is not taken in good faith because it is frivolous and has no possibility of success. See Fed. R. App. P. 24.

**SO ORDERED**, this, the 10th day of February, 2015.

_____
SENIOR JUDGE