**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

COURTNEY R. LOGAN                                                                PETITIONER

v.                                                                            No. 4:13CV122-GHD-DAS

STATE OF MISSISSIPPI, ET AL.                                              RESPONDENTS

**ORDER CONSTRUING MOTION [37] AS A SECOND
OR SUCCESSIVE PETITION; TRANSFERRING CASE TO
THE FIFTH CIRCUIT COURT OF APPEALS**

This matter comes before the court on the motion [37] by the petitioner for relief from

judgment, which the court will construe as a second or successive petition for a writ of *habeas*

*corpus*. Logan signed the petition for a writ of *habeas corpus* on June 25, 2013, challenging his

Leflore County convictions and resulting life sentences for five counts of kidnapping, one count

of aiding escape, and one count of possession of a firearm by a felon. Doc. 1. In the petition

he specifically challenged the extradition arrangement and procedures between Mississippi and

Tennessee. Doc. 1. The State filed a motion to dismiss the petition with prejudice for Logan's

failure to state a claim upon which federal *habeas corpus* relief could be granted or,

alternatively, without prejudice for his failure to exhaust his available state court remedies.

Doc. 30. On February 11, 2015, the court dismissed Logan's petition with prejudice for failure

to state a valid *habeas corpus* claim – and denied him a certificate of appealability. Docs. 33,

34. Logan acknowledged receipt of these decisions but did not seek further review. Docs. 35,

36. More than seven years later, Logan has filed a motion, along with a memorandum in

support and addendums, to reopen this federal *habeas corpus* proceeding under Fed. R. Civ. P.

60(b), which he styled "Newly Discovered Evidence and Fraud Upon the Court." Docs. 37, 38,

39. The State has responded to the motion, and the matter is ripe for resolution.

Logan's motion for relief from judgment under Fed. R. Civ. P. 60(b) sets forth substantive claims for *habeas corpus* relief based upon his state convictions – and includes allegations regarding his extradition to and from Tennessee and Mississippi. The court must construe such a motion as a second or successive petition for a writ of *habeas corpus*. *See Gonzalez v. Crosby*, 545 U.S. 524, 532-532, 125 S.Ct. 2641 (2005).

Logan filed the instant motion to reopen on August 16, 2022, more than seven years after this court entered its memorandum opinion and final judgment in this case. *See* Docs. 32, 33. Logan requests to reopen his case "based upon newly discovered evidence and fraud upon the court." Doc. 37 at 1; Doc. 38 at 7–9. He again challenges his extradition between Mississippi and Tennessee, which he challenged in his original federal *habeas corpus* petition. Doc. 38 at 1–7; Doc. 1. He also raises claims of ineffective assistance of counsel and illegal detainer. Doc. 38 at 9. Finally, Logan requests "that he be afforded counsel for the purpose of properly amending his petition." Doc. 38 at 9.

### Request for Appointment of Counsel Will Be Denied

The petitioner in this case has requested that the court appoint counsel to assist him with the instant petition. This court is empowered to appoint counsel for a *habeas corpus* petitioner whenever it "determines that the interests of justice so require . . . ." 18 U.S.C. § 3006A(a)(2)(B). If an evidentiary hearing is to be held, the court is required to appoint counsel. Rule 8(c), Rules Governing § 2254 Cases. At present the court has determined that a hearing will not be necessary. The petitioner has not alleged the existence of any circumstances which would, in the opinion of the court, require appointment of counsel at this time in the interests of justice. As such, the petitioner's request for appointment of counsel will be denied, but without prejudice to his right to move for appointment of counsel should circumstances arise which

require such an appointment in the interests of justice.

### Rule 60(b) Motion Is a Successive *Habeas Corpus* Petition

The Fifth Circuit Court of Appeals must approve any second or successive *habeas corpus* petition before this court may exercise jurisdiction over the matter:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A).   In addition, the court must construe Logan's motion under Rule 60(b) as a second or successive federal petition for a writ of *habeas corpus*:   "[W]hen a Rule 60(b) motion 'seeks to add a new ground for relief'" or "if it attacks the federal court's previous resolution of a claim on the merits," it "is equivalent to a successive § 2254 petition."   *Gilkers v. Vannoy*, 804 F. 3d 336, 343 (5th Cir. 2018) (citing *Gonzalez*, 545 U.S. at 532); *see also Storey v. Lumpkin*, 8 F.4th 382, 388–89 (5th Cir. 2021), *cert. denied,* 142 S. Ct. 2576 (2022).   Logan's motion under Fed. R. Civ. P. 60(b) both seeks new grounds for relief and revisits claims brought in previous petitions; as such, the court will treat the motion as a successive *habeas corpus* petition.

Under 28 U.S.C. § 2244(b)(1) "[a] claim presented in a second or successive *habeas corpus* application under section 2254 that was presented in a prior application shall be dismissed."   Applying this standard, Logan's motion is an unauthorized attempt to file a successive petition.   Under 28 U.S.C. § 2244(b)(1), any claims that Logan *previously* submitted to this court in his initial *habeas corpus* petition must be dismissed.   As stated, in his original federal petition in this case, Logan challenged various aspects of his extradition, which he also challenges in his current motion.   Docs. 1, 37, 38.   Indeed, he has been unsuccessfully challenging his extradition processes in various venues for years.   Doc. 38 at 5–6.   As the

- 3 -

instant motion is, in effect, a successive *habeas corpus* petition, under 28 U.S.C. § 2244(b)(1), this court does not have subject matter jurisdiction over any claims raised in previous *habeas corpus* petitions.

In addition, Logan must meet certain criteria before he may seek *habeas corpus* relief as to any *new* claims regarding these convictions:

> [A] claim presented in a second or successive *habeas corpus* application under section 2254 that was not presented in a prior application, shall be dismissed unless … the factual predicate for the claim could not have been discovered previously through the exercise of due diligence[,] and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(B)(i) and (ii).   Logan appears to argue that newly discovered facts meet the criteria of § 2244(b)(2)(B) – and should enable him to pursue *habeas corpus* relief in a successive petition.   He may not, however, begin that process in district court; under § 2244(b)(3)(A), he must first seek such authorization with the Fifth Circuit Court of Appeals. This court does not currently possess the authority to consider the matter, as Logan has not requested or received authorization from the Fifth Circuit to file a second or successive petition.

Rather than dismissing the petition on this basis, the Fifth Circuit permits district courts to transfer the petition for consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(C).   *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).   Therefore, in the interest of justice and judicial economy, it is **ORDERED:**

(1)      That the petitioner's request for appointment of counsel is **DENIED**.

(2)      That this petition will be transferred to the Fifth Circuit Court of Appeals for the petitioner to seek leave to file this successive § 2254 petition;

- 4 -

(3)     That the Clerk of Court is **DIRECTED** to **TRANSFER** this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(c), and *In re Epps*, 127 F.3d at 365; and

(4)     This case is **CLOSED.**

**SO ORDERED**, this, the __17th__ day of March, 2023.

_____
SENIOR U.S. DISTRICT JUDGE