IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

COURTNEY R. LOGAN                                                                PETITIONER

v.                                                                          No. 4:13CV122-GHD-DAS

STATE OF MISSISSIPPI, ET AL.                                                    RESPONDENTS

### ORDER *CONSTRUING* MOTION [48] AS A SECOND OR SUCCESSIVE PETITION; *TRANSFERRING* CASE TO THE FIFTH CIRCUIT COURT OF APPEALS

This matter comes before the court on the motion [48] by the petitioner for relief from judgment, which the court will construe as a second or successive petition for a writ of *habeas corpus*. Logan signed the original petition for a writ of *habeas corpus* on June 25, 2013, challenging his Leflore County convictions and resulting life sentences for five counts of kidnapping, one count of aiding escape, and one count of possession of a firearm by a felon. Doc. 1. In the petition he specifically challenged the extradition arrangement and procedures between Mississippi and Tennessee. Doc. 1.

The State filed a motion to dismiss the petition with prejudice for Logan's failure to state a claim upon which federal *habeas corpus* relief could be granted or, alternatively, without prejudice for his failure to exhaust his available state court remedies. Doc. 30. On February 11, 2015, the court dismissed Logan's petition with prejudice for failure to state a valid *habeas corpus* claim – and denied him a certificate of appealability. Docs. 33, 34. Logan acknowledged receipt of these decisions but did not seek further review. Docs. 35, 36.

More than seven years later, Logan filed a motion [37], along with a memorandum [38] in support and addenda, to reopen this federal *habeas corpus* proceeding under Fed. R. Civ. P. 60(b), which he styled "Newly Discovered Evidence and Fraud Upon the Court." Docs. 37, 38,

39. The court then found that the motion was, in substance, a second or successive petition for writ of *habeas corpus* under 28 U.S.C. § 2254 – which the petitioner must raise, in the first instance, with the Fifth Circuit Court of Appeals. *See Gonzalez v. Crosby*, 545 U.S. 524, 532-532, 125 S.Ct. 2641 (2005).

Logan has filed yet another Rule 60(b) motion – again raising substantive claims for *habeas corpus* relief based upon his state convictions – and including allegations regarding his extradition to and from Tennessee and Mississippi. The court must construe such a motion as a second or successive petition for a writ of *habeas corpus*. *Id*.

Logan has now filed the instant motion [48] to reopen on March 31, 2025, some ten years after this court entered its memorandum opinion and final judgment in this case. *See* Docs. 32, 33. Logan requests to reopen this case because he believes that "[he] has not had a fair opportunity to present all of his claims challenging his conviction, including the new challenges he now raises." Doc. 49 at 5. He again challenges his extradition between Mississippi and Tennessee, which he challenged in his original federal *habeas corpus* petition. Doc. 49 at 11-12; Doc. 1. He also raises claims of ineffective assistance of counsel and illegal detainer. Doc. 49 at 11-12.

### The Rule 60(b) Motion Is a Successive *Habeas Corpus* Petition

The Fifth Circuit Court of Appeals must approve any second or successive *habeas corpus* petition before this court may exercise jurisdiction over the matter:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). In addition, the court must construe Logan's motion under Rule 60(b) as a second or successive federal petition for a writ of *habeas corpus*: "[W]hen a Rule

- 2 -

60(b) motion 'seeks to add a new ground for relief'" or "if it attacks the federal court's previous resolution of a claim on the merits," it "is equivalent to a successive § 2254 petition." *Gilkers v. Vannoy*, 804 F. 3d 336, 343 (5th Cir. 2018) (citing *Gonzalez*, 545 U.S. at 532); *see also Storey v. Lumpkin*, 8 F.4th 382, 388–89 (5th Cir. 2021), *cert. denied,* 142 S. Ct. 2576 (2022). Logan's motion under Fed. R. Civ. P. 60(b) both seeks new grounds for relief and revisits claims brought in previous petitions; as such, the court will treat the motion as a successive *habeas corpus* petition.[1]

Under 28 U.S.C. § 2244(b)(1) "[a] claim presented in a second or successive *habeas corpus* application under section 2254 that was presented in a prior application shall be dismissed." Applying this standard, Logan's motion is an unauthorized attempt to file a successive petition. Under 28 U.S.C. § 2244(b)(1), any claims that Logan *previously* submitted to this court in his initial *habeas corpus* petition must be dismissed. As stated, in his original federal petition in this case, Logan challenged various aspects of his extradition, which he also challenges in his current motion. Docs. 1, 48, 49. Indeed, he has been unsuccessfully challenging his extradition processes in various venues for years. Doc. 38 at 5–6. As the instant motion is, in effect, a successive *habeas corpus* petition, under 28 U.S.C. § 2244(b)(1), this court does not have subject matter jurisdiction over any claims raised in previous *habeas corpus* petitions.

---

[1] Logan argues that the instant petition is not subject to the bar of second or successive petitions because he does *not* raise new claims not found in his earlier petition (though the petition does appear to do so). Doc. 49 at 8. However, as discussed above, this argument is without merit; the bar found in 28 U.S.C. § 2244(b)(1) *also* precludes relitigation of claims brought in previous petitions.

In addition, Logan must meet certain criteria before he may seek *habeas corpus* relief as to any *new* claims regarding these convictions:

> [A] claim presented in a second or successive *habeas corpus* application under section 2254 that was not presented in a prior application, shall be dismissed unless … the factual predicate for the claim could not have been discovered previously through the exercise of due diligence[,] and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(B)(i) and (ii). Though his petition is not a model of clarity, Logan appears to argue that newly discovered facts meet the criteria of § 2244(b)(2)(B) – and should enable him to pursue *habeas corpus* relief in a successive petition. To the extent that he has raised new claims, he may not, however, begin that process in district court; under § 2244(b)(3)(A), he must first seek such authorization with the Fifth Circuit Court of Appeals. This court does not currently possess the authority to consider the matter, as Logan has not requested or received authorization from the Fifth Circuit to file a second or successive petition. Ultimately, whether Logan has revisited claims from previous petitions or has raised new claims, this court lacks jurisdiction over Logan's latest petition.

Rather than dismissing the petition on this basis, the Fifth Circuit permits district courts to transfer the petition for consideration pursuant to 28 U.S.C. § 2244(a) and (b)(3)(C). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Therefore, in the interest of justice and judicial economy, it is **ORDERED**:

(1) That the petitioner's request for appointment of counsel is **DENIED**.

(2) That this petition will be transferred to the Fifth Circuit Court of Appeals for the petitioner to seek leave to file this successive § 2254 petition;

(3)     That the Clerk of Court is **DIRECTED** to **TRANSFER** this petition and the entire record to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) and (b)(3)(c), and *In re Epps*, 127 F.3d at 365; and

(4)     This case is **CLOSED.**

**SO ORDERED**, this, the 22nd day of September, 2025.

_____
SENIOR JUDGE